PROB 12C
(6/16)

Report Date:  May 13, 2024

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 14, 2024

SEAN F. McAVOY, CLERK

Name of Offender: Alden W. Starr                    Case Number: 0980 2:09CR02002-LRS-1

Address of Offender: ██████████████ Spokane, Washington 99202

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: February 3, 2010

| | |
|---|---|
| Original Offense: | Crime on an Indian Reservation, Sexual Abuse of a Minor, 18 U.S.C. §§ 1153 & 2243(a) |
| Original Sentence: | Prison - 168 months<br>TSR - 180 months      Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(May 26, 2022) | Prison - 6 months<br>TSR - 15 years |
| Revocation Sentence:<br>(August 31, 2023) | Prison - 6 months<br>TSR - 15 years |
| Asst. U.S. Attorney: | Ann Wick      Date Supervision Commenced: January 24, 2024 |
| Defense Attorney: | Molly Marie Winston      Date Supervision Expires: January 23, 2039 |

## PETITIONING THE COURT

To issue a summons.

On January 25, 2024, the offender's conditions of supervision were reviewed by the probation officer and he signed said conditions acknowledging an understanding of his requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full time employment you must try to find full time employment, unless the probation officer excuses you from doing so. If you plan to change your work or anything about your work (such as your position or your job responsibilities), you must notify your officer at least 10 days prior to the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |

Prob12C
**Re: Starr, Alden W.**
**May 10, 2024**
**Page 2**

**Supporting Evidence**: The offender is alleged to have violated standard condition number 7, by failing to work regularly at a lawful occupation.

Since commencing supervised release on January 24, 2024, Mr. Starr has failed to secure employment.

2    **Special Condition #1**: You must allow the probation officer to install monitoring software on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256 (2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults.

**Supporting Evidence**: The offender is alleged to have violated special condition number 1, by utilizing a computer device that did not contain computer software monitoring from approximately February to April 2024.

On April 29, 2024, this officer became aware that the residential reentry center (RRC) confiscated a cellular telephone from Mr. Starr on April 8, 2024. The offender failed to disclose the cellular telephone to the probation officer and it was not installed with computer monitoring software.

The probation officer seized the above-referenced cellular telephone and conducted a computer search, as authorized by his conditions of supervision. This officer observed photos and videos of adult females in various stages of undress; however, the images did not meet the criteria for sexually explicit material as defined in 18 U.S.C. § 2256 (2).

The probation officer confronted the offender about his telephone being confiscated at the RRC and he admitted to the probation officer that he has been in possession of the telephone since shortly after his release from federal custody. He further acknowledged that he was aware he was not supposed to have a cellular telephone without computer monitoring installed.

3    **Special Condition #5**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

**Supporting Evidence**: The offender is alleged to have violated special condition number 5, by violating numerous RRC rules and requirements since his arrival at the facility on January 24, 2024.

Mr. Starr has incurred multiple RRC violations since his arrival at the RRC on January 24, 2024. to include possession of an unauthorized device, use of social media, taking photos within the facility and violating the telephone and curfew rules.

4    **Standard Condition # 8:** You must not communicate or interact with someone you know if engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting permission of the probation officer.

**Prob12C**
**Re: Starr, Alden W.**
**May 10, 2024**
**Page 3**

**Supporting Evidence:** The offender is alleged to have violated standard condition number 8, by communicating with an individual who has been convicted of a felony without first receiving permission from the probation officer.

During a search of the offender's cellular telephone on May 6, 2024, the probation officer discovered a conversation the offender had on social media in April 2024, with an individual with whom he was in federal custody. When questioned by the probation officer, Mr. Starr admitted to having contact with said individual and he acknowledged that did not obtain this officer's permission to contact him.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    May 13, 2024
_____

s/Lori Cross
_____

Lori Cross
U.S. Probation Officer

---

THE COURT ORDERS
[ ]    No Action
[ ]    The Issuance of a Warrant
[✓]    The Issuance of a Summons
[ ]    Other

_____
Signature of Judicial Officer

May 14, 2024
_____

Date